PONDER, Judge.
Defendant appealed from a judgment awarding damages for the breach of a building contract.
The issue on appeal is the admissibility of evidence of the subsequent sale of the building and lot by the plaintiff and the alleged unjust enrichment of plaintiff.
We affirm.
On a prior appeal,[1] this court remanded “for the narrow purpose of receiving evidence concerning the cost of repairing the defects.... ” The finding of a defective performance on the part of the defendant was affirmed in that judgment.
In addition to evidence on the “cost to repair,” the defendant proffered the certified copy of a sale of the lot and building, subsequent to the first trial, together with proffered testimony that $110,000.00 of the price was for the building. He wanted to show that since the cost of the building was $29,000.00, plaintiff has suffered no loss. The trial judge held that the evidence on proffer was irrelevant and that the plaintiff was entitled to $14,300.00 subject to an offset of $6,372.00 still owed on the contract.
The defendant argues that the evidence on proffer was admissible and that the trial court should have proceeded in equity under Louisiana Civil Code Article 21.[2] He further argues for application of the equitable actio de in rem verso provided for in Louisiana Civil Code Article 1965.[3]
The trial court correctly denied the introduction of evidence on the new issues. The proffered evidence was beyond the scope of the order on remand. Collins v. Slocum, 317 So.2d 672 (3rd Cir. 1975), writ denied 321 So.2d 362, 363, 364 (La.1975).
For these reasons, the judgment is affirmed at the cost of the defendant.
AFFIRMED.

. Harding v. Coleman, 388 So.2d 59 (1st Cir.1980).

. La. Civil Code Article 21:
“In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”

. La. Civil Code Article 1965:
“The equity intended by this rule is founded in the Christian * principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another. When the law of the land, and that which the parties have made for themselves by their contract, are silent, courts must ** apply these principles to determine what ought to be incidents to a contract, which are not required by equity.
* Note error in English translation of French text; ‘Christian’ should be ‘religious.’
** Note error in English translation of French text; ‘must’ should be ‘may.’ ”