EDWARDS, Judge.
Plaintiff, Mike Kargar, brought this workers’ compensation action against defendant, Richard M. Chashoudian.
The facts which gave rise to plaintiff’s claim are as follows: Defendant is the own *983 er and operator of Sherwood Kennels, where plaintiff was employed. On December 30, 1981, plaintiff was in the grooming room of defendant’s facility when defendant told him to give fresh water to the puppies in the kennel. There were two doorways which led from the building which housed the grooming room to the kennel out back. A fellow employee, Wayne Deer, was replacing some floorboards in one of the doorways. He was kneeling on the steps in the doorway in such a manner that no one could pass. Rather than use the other door, plaintiff elected to jump over Deer, through the doorway to the ground below.[1] Defendant and his wife testified that they both warned plaintiff not to jump. Plaintiff denies having received any such warning. Deer testified that he heard someone yell something as plaintiff went over him. Plaintiff fell when he hit the ground outside, severely injuring his left knee.
The trial court rendered judgment in favor of plaintiff, awarding compensation benefits for temporary total disability until further order of the court. Additionally, plaintiff was awarded penalties and attorney fees as provided by LSA-R.S. 23:1201.2. Judgment was rendered against defendant alone since he had no workers’ compensation insurance coverage. Defendant has appealed the judgment of the district court.[2] He contends that the court erred in concluding that plaintiff’s recovery was not barred by LSA-R.S. 23:1081(3) and in awarding penalties and attorney fees.
Defendant asserts that LSA-R.S. 23:1081(3) bars plaintiff’s recovery in the instant case. That statute provides, in pertinent part, as follows:
“No compensation shall be allowed for an injury caused ... (3) by the injured employee’s deliberate failure to use an adequate guard or protection against accident provided for him ....
“In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employ» er.”
Defendant contends that the presence of steps in each of the two doorways leading to the kennel constitutes a “guard or protection against accident” for purposes of this statute. He asserts that plaintiff deliberately failed to use this guard or protection and, therefore, is barred from recovering compensation benefits.
In interpreting LSA-R.S. 23:1081(3) the courts have limited the meaning of “guard or protection against accident” to “devices adopted by the employer exclusively for the purpose of meeting a specific danger.” W. Malone and H. Johnson, Workers’ Compensation Law and Practice, Sec. 343, p. 114 (2d ed. 1980). See also Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965). In Brown v. Kansas City Bridge Co., 191 So. 755 (La.App. 1st Cir.1939) the court observed:
“[T]he guard or protection with which the employee is charged with a deliberate failure to use, contemplates something which is provided by the employer principally as a safety or protection to the employee, and not that which is placed on the premises or on the machinery as a component part of it, and whose principal, purpose is to facilitate or expedite the work.” 191 So. at 757.
A set of steps, designed to provide access to and from a raised building, is not a “guard or protection against accident” as that term is used in the statute and interpreted by the *984 jurisprudence. The trial court correctly found LSA-R.S. 23:1081(3) to be inapplicable to the factual situation at hand.
Defendant also contends that the trial court erred in awarding plaintiff penalties and attorney fees. An award of penalties and attorney fees is authorized under certain circumstances by LSA-R.S. 23:1201.2, which provides, in pertinent part, as follows:
“A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due, and all reasonable attorney’s fees for the prosecution and collection of such amount.”
A trial court’s determination as to whether an employer’s refusal to pay benefits is arbitrary, capricious or without probable cause is partially a factual determination which will not be disturbed in the absence of manifest error. Stubbs v. Parish of East Baton Rouge, 343 So.2d 258 (La.App. 1st Cir.), cert. denied, 345 So.2d 506 (1977). Defendant admitted that he knew plaintiff had suffered a serious injury while acting in the course of his employment. He testified that he refused to pay compensation because plaintiff had done a “foolish act” and because he doesn’t “believe in people sitting around doing nothing collecting money.” On the facts of the instant case, we find no manifest error in the award of penalties and attorney fees.
For the foregoing reasons, the judgment of the district court is affirmed at defendant’s cost.
AFFIRMED.

. Plaintiff testified that he was in a hurry to do as he was told because defendant had a bad temper. According to plaintiff, the other doorway was blocked by items stacked in front of it. However, all other witnesses testified that the second doorway was clear and the door was unlocked.

. Defendant filed a motion in this court to remand the case to the district court in order to have the judgment reviewed under the provisions of LSA-R.S. 23:1331. That motion was denied. The power of modification found in LSA-R.S. 23:1331 is not a substitute for the appellate process. See W. Malone and H. Johnson, Workers’ Compensation Law and Practice, Sec. 284 (2d ed. 1980).