JOHN S. COVINGTON, Judge.
In this worker’s compensation suit, defendants appealed a judgment rendered against them finding plaintiff permanently partially disabled under LSA-R.S. 23:1221(3)[1] (prior to its amendment by Acts 1983, No. 1, § 1) and entitled to benefits under that section, plus penalties and attorney fees.
On January 13, 1976, plaintiff, then a minor, suffered an injury to his right hand in the course and scope of his employment as a wood hauler for Livingston Wood Products, Inc. (Livingston). One finger on his right hand was partially amputated as a result. Livingston and its insurer, Mission Insurance Company, paid plaintiff weekly benefits of $33.33 from the date of injury until July 6, 1976. In September, 1976, plaintiff filed suit for worker’s compensation benefits against Livingston and Mission Insurance Company (defendants), alleging that he was totally and permanently disabled. After trial on the merits, the district court rendered judgment on February 28, 1980 in favor of defendants finding that plaintiff had suffered a scheduled loss for which he had been fully compensated. Plaintiff appealed and eventually[2] this court remanded the case to the district court for substitution of Anthony Peters as party plaintiff and consideration of the applicability of the “odd-lot” doctrine to the facts of the case. The district court was ordered to allow both sides to present evidence on the “odd-lot” issue.
After subsequent trial, the district court ‘reversed’ its original determination and rendered judgment on June 18, 1984 in favor of plaintiff, finding that plaintiff was not entitled to recover under the “odd-lot” doctrine, but that he was entitled to benefits for permanent partial disability under LSA-R.S. 23:1221(3). In addition, the trial court found that defendants had been arbitrary and capricious in discontinuing payment of benefits and awarded plaintiff penalties and attorney fees. From that judgment, defendants suspensively appealed. Plaintiff answered, seeking modification of the judgment to increase the award of benefits and attorney fees.
On the appeal from the 1980 judgment against plaintiff, this court remanded (in an unpublished opinion) for limited purposes: (1) to allow substitution of the proper party plaintiff, and (2) to allow the presentation of evidence on the issue of the application of the “odd-lot” doctrine, as the doctrine had not been enunciated at the time of the first trial and we felt that the interests of *815 fairness and justice required its consideration.
While the suggested substitution of parties plaintiff was quickly accomplished, at the second trial the district court went beyond the scope of our order on remand. This was in error. See Harding v. Coleman, 407 So.2d 459 (La.App. 1st Cir.1981). While the scope of our order may have seemed ambiguous, we intended to hold the original judgment in abeyance and remand the case for trial solely on the “odd-lot” issue. Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir.1975), writs denied, 321 So.2d 362, 363, 364 (La.1975).[3]
After an extensive review of the record, however, we determine that the trial court’s rejection on remand of the applicability of the “odd-lot” doctrine and its finding of permanent partial disability under LSA-R.S. 23:1221(3), in its 1984 judgment, was correct. On the record before us, the trial court’s conclusion that the plaintiff was not totally disabled under the “odd-lot” doctrine is not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We would have found manifest error in and accordingly reversed the 1980 judgment to find partial disability under § 1221(3), as the trial court perhaps anticipated. Our review of the record leads us to the conclusion that the plaintiff is able to engage in some type of gainful employment, although not necessarily of the same or similar nature as the employment in which he was injured. Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir.1977). We also find no error in the trial court’s determination that plaintiff’s average weekly wage during the period of his employment was not less than $135 per week, thus entitling him to benefits in the amount of $85 per week under § 1221(3) (as provided prior to its 1983 amendment).
The trial court determined on remand that the discontinuance of all benefits was arbitrary and capricious, entitling plaintiff to statutory penalties and attorney fees under LSA-R.S. 22:658.[4] In dismissing plaintiff’s suit in 1980, on the ground that plaintiff had received all benefits to which he was entitled, the trial court never reached this issue. This determination is ultimately one of fact and the usual standard of review is that trial court’s finding will not be disturbed on appeal absent manifest error. Kargar v. Chashoudian, 432 So.2d 982 (La.App. 1st Cir.1983). However, since that portion of the 1984 judgment going beyond a ruling on the odd-lot issue exceeded the scope of our order on remand and was thifs ultra vires, we must review the evidence in the record de novo and determine whether plaintiff proved, by a preponderance of the evidence, that he is entitled to penalties and attorney fees under the statute. Donald v. Big Three Industries, Inc., 426 So.2d 257 (La.App. 1st Cir.1983), writ denied, 429 So.2d 157 (La.1983). After an extensive review of the record, we conclude that the discontinuance of benefits was arbitrary and capricious in light of the medical evidence of plaintiff’s continued disability available at the time.
Plaintiff requests an increase in the amount of attorney’s fees awarded by the trial court and seeks an additional amount for having to answer the appeal. Having reviewed the record, we conclude that the award of $5,000 in attorney’s fees is not an abuse of discretion. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983). The basis for awarding additional attorney’s fees on appeal is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal. As plaintiff answered the appeal and requested additional relief, he is not entitled to additional attorney’s *816 fees for services on appeal. Burgess v. City of Baton Rouge, 477 So.2d 143 (La.App. 1st Cir.1985).
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court rendered February 28, 1980, and we reverse in part the judgment of the trial court rendered June 18, 1984, affirming only that portion of the June 18, 1984 judgment which ruled the “odd-lot” doctrine inapplicable; and we render judgment in accordance with the terms of the judgment rendered by the trial court on June 18, 1984, with the following modifications: Interest is awarded (A) on the unpaid compensation from the date the benefits weekly came due; (B) on the 12% penalties from the date of judicial demand; and (C) on the award of attorney’s fees from June 18, 1984. Defendants to bear all costs of appeal.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. Prior to the 1983 Amendment, LSA-R.S. 23:1221 provided, in pertinent part:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
******
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on and after September 1, 1975, and on or before August 31, 1976; ...

. This court dismissed plaintiffs original appeal, but was reversed and the appeal reinstated by the Louisiana Supreme Court in Peters v. Livingston Wood Products, Inc., 399 So.2d 183 (La.1981).

. We note that while plaintiffs counsel urges on appeal that the district court was correct in extending its ruling beyond the "odd-lot” issue in the second judgment, it is clear from his remarks at the second trial that he understood the limited scope of our order of remand.

. The assessment was properly made under LSA-R.S. 22:658, as LSA-R.S. 23:1201.2 was not amended to include employers covered by insurance until 1983 (Acts 1983, 1st Ex.Sess., No. 1, § 1, eff. July 1, 1983).