640 So.2d 507 (1994)
Norman CREEL, Plaintiff-Appellant,
v.
CONCORDIA ELECTRIC COOPERATIVE, INC., Defendant-Appellee.
No. 93-1329.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Writ Denied September 16, 1994.
Jerry Lytel Lavespere Jr., Alexandria, for Norman Creel.
James E. Diaz, Lafayette, for Concordia Elec. Co-op., Inc.
Before LABORDE, KNOLL and WOODARD, JJ.
LABORDE, Judge.
An employee assigned by his employer to change a fuse in a power line was accidentally injured in the course and scope of his employment. He was denied benefits under LSA-R.S. 23:1081(1)(c) for his failure to use gear designed at least in part for his protection. We reverse.

Facts
Claimant was a utility company employee charged with the responsibility of repairing downed utility lines. On August 7, 1991, adverse weather conditions resulted in the loss of power to one or more residences.
Exactly what occurred at the scene of the accident is disputed. According to claimant, he first attempted to remove a blown fuse with a long telescopic rod. Unsuccessful in his initial efforts to change the fuse, he next climbed the pole and attempted to use a shorter telescopic rod, or "hot stick." According to defendant, claimant never tried to use the long rod, but only climbed the pole and used the "hot stick" when the longer rod was available.
In any event, there is no question that claimant failed to use certain heavy safety gloves, which were designed at least in part to protect him from the perils he would encounter in handling the "hot stick." Nor does anyone question that claimant sustained injuries when he was shocked in the course and scope of his employment. The question is whether his failure to wear the heavy gloves precludes his recovery of workers compensation under the laws our state.

Law
In response to claimant's petition to have his disability reestablished, defendant responds with an affirmative defense. The pertinent provisions of LSA-R.S. 23:1081 provide as follows:
(1) No compensation shall be allowed for an injury caused:
* * * * * *

*508 (c) by the injured employee's deliberate failure to use an adequate guard or protection against accident provided for him, or
* * * * * *
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
As Malone & Johnson, 13 Louisiana Civil Law Treatise, Workers Compensation, (2d ed.) Section 32, at 38-40 (notes omitted), states:
Workmen's Compensation rests upon the sound economic principle that those persons who enjoy the product of a businesswhether it be in the form of goods or servicesshould ultimately bear the cost of the injuries or deaths that are incident to the manufacture, preparation and distribution of the product. Certainly this has always been true with reference to the capital structures and the machinery and equipment necessary to process and distribute all industrial products. Expected wear and tear and breakage of every sort is anticipated by the producer and this cost is considered when he fixes the price of his commodity or service. This is done without any reference to whether or not the loss should be regarded as the result of fault on the part of the management. If the cost is a predictable incident of the operation, sound business judgment demands that it be included as an element of the price. The same should be true of the human wreckage that is involved in production. The expected cost of injury or death to workers can be anticipated and provided for in advance through the medium of insurance, and the premiums can be regarded as an item of production cost in fixing the price of the commodity or service.
Under this approach the element of personal fault either disappears entirely or is subordinated to broader economic considerations. The employer absorbs the cost of accident loss only initially; it is expected that this cost will eventually pass down the stream of commerce in the form of increased price until it is spread in dilution among the ultimate consumers.3 So long as each competing unit in a given industry is uniformly affected, no producer can gain any substantial competitive advantage or suffer any appreciable loss by reason of the general adoption of the compensation principle.
* * * * * *
Compensation, then, differs from the conventional damage suit in two important respects: Fault on the part of either employer or employee is eliminated; and compensation payable according to a definitely limited schedule is substituted for damages. All compensation acts alike work these two major changes, irrespective of how they may differ in other particulars.4
Compensation, when regarded from the viewpoint of employer and employee represents a compromise in which each party surrenders certain advantages in order to gain others which are of more importance both to him and to society. The employer gives up the immunity he otherwise would enjoy in cases where he is not at fault, and the employee surrenders his former right to full damages and accepts instead a more modest claim for bare essentials, represented by compensation.5

Analysis
Our acceptance of defendant's view that claimant's recovery is barred by his failure to use an adequate guard against injury would abrogate the rule that ordinary or contributory negligence constitutes no bar to recovery in workers compensation. See Malone & Johnson, supra, Section 343, at 113. We decline the invitation.
Our system of workers compensation is designed to protect worker and employer alike from predictable risks at the workplace. It is grounded in reason. The defenses of LSA-R.S. 23:1081, strictly construed, relieve employers of liability only for injuries that are intended by individuals, Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981); King v. Grand Cove Nursing Home, 640 So.2d 348 *509 (La.App. 3d Cir.1994); Shelvin v. Waste Management, 580 So.2d 1022 (La.App. 3d Cir.1991); Gooch v. Standridge Bros., 478 So.2d 980, 982 (La.App. 5th Cir.1985), writ denied, 481 So.2d 1351 (La.1986); Attaway v. Farley's Glass Co., Inc., 430 So.2d 705, 710 (La.App. 2d Cir.1983), or that result from an individual's intoxication, as the latter constitutes no less than a voluntary self-removal from the world of reason. They do so because such injuries are not sufficiently connected to the workplace to warrant assessment against consumers. The defenses do not prohibit an employee's recovery on grounds of contributory negligenceto the contrary, they do not even defeat the claim for injuries resulting from stupidity or foolishness or even recklessness, Malone & Johnson, Section 341, at 109-110. The reason is simple. Occasional lapses are a predictable vice of human nature, and such lapses multiplied over the throngs of our state's workforce result in their predictable daily occurrence.
In the case sub judice, a sober individual accidentally injured himself while participating in an activity, a hazardous activity no less, in behalf of his employer and downstream consumers.[1] The employer did not show that the claimant intended to injure himself or that he actively deprived himself of reason. "It is our opinion that this is exactly the kind of occupational hazard and accident for which the Workmen's Compensation Law was designed to afford coverage." Lockhart v. Pargas, Inc., 271 So.2d 664, 667 (La.App. 1st Cir.1972), writ refused, 273 So.2d 844 (La.1973). In the present case, according to claimant's coworker, most occupants of claimant's profession do in fact perform the tasks in which claimant was engaged in precisely the same manner, that is, using the "hot stick" without gloves to change the fuse from a close range rather than engaging in the time-consuming task of clearing brush and using the long telescopic rod.
The record shows that the claimant suffered a compensable injury which he did not intend while in the course and scope of his employment; therefore he is entitled to the protection of our state's workers compensation system.

Decree
Claimant is not barred by LSA-R.S. 23:1081 from pursuing workers compensation benefits. Because of the hearing officer's ruling, the merits of Creel's claims for medical benefits, compensation benefits, penalties, and attorney fees were not reached. Accordingly, we will remand this matter for determination of these issues.
Costs of this appeal to be assessed against defendant; other costs to await the outcome of this proceeding.
REVERSED AND REMANDED.
NOTES
[1] It is difficult to imagine a worker whose disability costs can be imposed more equitably, or spread more evenly, among a range of consumer that one who works for a utility service and whose injury is sustained while delivering service to that customer sale.