806 So.2d 728 (2001)
Charles SWEEDEN
v.
HUNTING TUBULAR THREADING, INC.
No. 01-CA-724.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2001.
*729 Paul Michael Elvir, Jr., Metairie, LA, Attorney for Defendant/Appellant.
Jeremiah A. Sprague, Falcon Law Firm, Marrero, LA, Attorney for Plaintiff/Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
GOTHARD, Judge.
Claimant, Charles Sweeden, was injured while in the course and scope of his employment with defendant, Hunting Tubular Threading, Inc. After Mr. Sweeden tested positive for drugs, defendant denied workers' compensation benefits. Mr. Sweeden filed a claim for workers' compensation benefits and, after a hearing, the workers' compensation judge found that claimant successfully rebutted the presumption of intoxication, and that no connexity was found between claimant's condition and the accident. Claimant was awarded temporary total disability benefits and medical expenses. Defendant/employer appeals this decision of the workers' compensation judge.
On October 19, 1999, claimant was a maintenance helper. He was injured as he tried to repair a large motorized industrial clamp. The clamp is attached to a joint, which allows it to pivot, by a metallic pin. At times, the pin would work itself out, requiring reinsertion or replacement. The proper procedure to work on the clamp was to attach it to a crane for support.
Mr. Sweeden testified at the hearing that shortly after lunch on the date of the accident, he was approached by Guy Hall, a machine operator, who asked him to repair the clamp, because the pin had come out. He stated that he wanted to wait for his supervisor, Mr. Bennett, to return from lunch before attempting repairs. Mr. Hall was insistent, so he went over to the clamp and discovered that the pin had worked loose. While Mr. Sweeden was attempting to reset the pin, Mr. Hall placed his hand on the roller of the clamp, causing it to fall on him (Sweeden). As a result, he suffered multiple injuries, including a pulmonary contusion, fractured right clavicle, fractured ribs, fractures of the L-2 and L-3 vertebrae, and right knee injuries.
Immediately after the accident, Mr. Sweeden was transported to West Jefferson Medical Center for emergency treatment. While he was being treated, a drug test was administered.
The testimony of Ben Wills, expert in the field of the analytical toxicology, was admitted by deposition at trial. He stated that the drug sample tested positive for marijuana metabolites. He could offer no opinion on whether plaintiff was impaired at the time of the accident.
Mr. Sweeden's foreman, George Bennett, testified at the hearing that he had at least two conversations with Mr. Sweeden in the morning before the accident occurred. During those conversations, Mr. Sweeden appeared to be "straight and sober." He did not appear intoxicated, and he did not smell of alcohol or marijuana. Mr. Bennett knew of nothing to suggest that Mr. Sweeden was either intoxicated or impaired at the time of the accident.
Mr. Sweeden testified that he was not intoxicated on the date of the accident. He further stated that he had not used drugs the day before the accident. Mr. Sweeden pled the Fifth Amendment in response to questions on the frequency of possible drug use.
La. R.S. 23:1081 provides in pertinent part that:
(1) No compensation shall be allowed for an injury caused:

*730 * * *
(b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours, or
(c) by the injured employee's deliberate failure to use an adequate guard or protection against accident provided for him, or
* * *
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
(3) For purposes of proving intoxication, the employer may avail himself of the following presumptions:
* * *
(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.
* * *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
In Porche v. S & M Const., 97-923 (La. App. 5 Cir. 4/15/98), 711 So.2d 429, 431-432, this court said:
Under the statutory scheme cited above, it is the employer's burden to prove an employee's intoxication, by a preponderance of the evidence. Evidence of use of a non-prescribed controlled substance at the time of the accident creates a presumption that the employee was intoxicated. Once the employer has proven that the employee was intoxicated, it is presumed that the intoxication caused the accident. In order to defeat the defense of intoxication, the employee must prove that the intoxication was not a contributing cause of the accident. Since the 1990 amendment to the law, an employer no longer has the burden of proving the accident was caused by the employee's intoxication. Now, the employee must rebut the presumption by showing his intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer. (Citations omitted)
In this case, the defendant established the employee's intoxication by presumption, based on the positive drug test results. Thus, the burden shifted to plaintiff to show that his intoxication was not a contributing cause. The claimant met this burden by his testimony that he was not intoxicated at the time the accident happened, and by his supervisor's testimony that claimant did not act intoxicated at that time.
On review, this court is bound by the manifest error standard:
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although *731 the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Indeed, the manifest error/clearly wrong standard of appellate review applies in compensation actions even when the trial court's decision is based solely upon written reports, records or depositions. (Citations omitted)
Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La. 1992).
The trial court considered the testimony of plaintiff and his supervisor, and the deposition of the analyst, in which he stated that he could not say that plaintiff was impaired, and found that plaintiff had successfully rebutted the presumption of intoxication of La. R.S. 23:1081. We cannot say that the trial court was in error in this finding.
Defendant argues that the workers' compensation judge failed to shift the burden to claimant, because in her judgment she states that "no connexity was established between the claimant's condition and the accident." There are no reasons for judgment in the record. However, we read the judgment in its entirety, and interpret this statement to find that the claimant successfully rebutted the presumption of intoxication, as we have stated supra.
Defendant argues that claimant's failure to secure the clamp with the crane prior to attempting to reinsert the pin shows that his judgment was impaired at the time of the accident. Mr. Sweeden testified at trial, that he wanted to wait for his supervisor, but was urged by Mr. Hall to attempt to fix the clamp immediately, and therefore he attempted to set the pin without waiting for Mr. Bennett to return from lunch.
Defendant further argues that the workers' compensation judge erred in failing to find that plaintiff failed to use safety precautions, R.S. 23:1081(1)(c), supra, and that this bars recovery.
In the case of Creel v. Concordia Elec. Co-op., Inc., 93-1329 (La.App. 3 Cir. 5/4/94), 640 So.2d 507, 508-509, writ denied, 94-1423 (La.9/16/94), 642 So.2d 199, the court noted that to accept such a defense would abolish the rule that "ordinary or contributory negligence constitutes no bar to recovery in workers (sic) compensation."
In explanation, the court said that:
Our system of workers (sic) compensation is designed to protect worker and employer alike from predictable risks at the workplace. It is grounded in reason. The defenses of LSA R.S. 23:1081, strictly construed, relieve employers of liability only for injuries that are intended by individuals, or that result from an individual's intoxication, as the latter constitutes no less than a voluntary self-removal from the world of reason. They do so because such injuries are not sufficiently connected to the workplace to warrant assessment against consumers. The defenses do not prohibit an employee's recovery on grounds of contributory negligenceto the contrary, they do not even defeat the claim for injuries resulting from stupidity or foolishness or even recklessness[.] The reason is simple. Occasional lapses are a predictable vice of human nature, and such lapses multiplied over the throngs of our state's workforce result in their predictable daily occurrence. (Citations omitted) *732 See also, Gibson v. Lake Charles Ice Pirates, 00-1608 (La.App. 3 Cir. 6/6/01), 788 So.2d 720.
In this case, the trial court correctly ruled that Mr. Sweeden's failure to use the crane while attempting to repair the clamp does not constitute a defense to his claim for workers' compensation.
For the following reasons, the decision of the workers' compensation court is affirmed. Costs are assessed against appellants.
AFFIRMED.