711 So.2d 429 (1998)
David PORCHE
v.
S & M CONSTRUCTION.
No. 97-CA-923.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
Daniel E. Becnel, III, LaPlace, for Plaintiff/Appellant.
Michael D. Meyer, New Orleans, for Defendant/Appellee.
Before DUFRESNE, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Defendant/appellant, David Porche, appeals a judgment of the Office of Workers' Compensation which granted his employer's defense of intoxication, and terminated his worker's compensation benefits. For reasons that follow, we affirm.
According to the record, David Porche was employed by S & M Construction, Inc. (S & M) as a carpenter on December 22, 1995. On that day, in the course and scope of his employment, he fell approximately thirty feet to the ground from a scaffold and sustained serious, multiple injuries. He was taken to Charity Hospital in New Orleans where a drug test was administered pursuant to company policy. At the time of the accident, company officials were told by an attending nurse that the test was negative, so workers' compensation benefits were paid. However, S & M subsequently became aware of the fact that Porche had tested positive for cocaine at the time of the accident. Consequently, on July 30, 1996, S & M filed a disputed claim for workers' compensation, asserting the affirmative defense of intoxication by cocaine.
At the hearing, S & M stipulated that Porche was employed by S & M, that he was injured in the course and scope of his employment on December 22, 1995, and that *430 benefits were paid to him. The matter before the court was the intoxication defense.
David Porche testified that he had a substance abuse problem with cocaine before his employment with S & M, and that he disclosed that fact on his application for employment. He further testified that he was hospitalized for treatment for crack cocaine addiction for a period of thirty-five days, and was released from the hospital shortly before his application for employment. In a deposition taken previous to the hearing he stated that, from the time of his release on September 26, 1995 to the date of the accident on December 22, 1995, he did not use drugs. At the hearing he admitted that he "tasted" some cocaine a couple of days before the accident, but maintained that he did not take drugs on the day of the accident. On further questioning, Porche admitted he had problems with cocaine, alcohol, and marijuana, and had received treatment in 1992 at River Oaks Hospital. Porche also admitted that he abused the prescription drug Vicodin after the workrelated accident in question herein, and required hospitalization for an overdose. He further testified that he has used "acid", "jelly reds" and "jelly greens", "mushrooms", quaaludes, and preludes in the past.
Claimant also testified to his criminal record which includes a guilty plea to a charge of possession of cocaine in Terrebonne Parish in 1993, and a felony conviction for burglary in 1981.
Mr. Porche testified that on the day of the accident he arrived clean and sober on the job in New Orleans at six o'clock in the morning. He and other workers were replacing wooden beams in an existing structure with iron trusses. Mr. Porche was standing on a scaffold about twenty-five to thirty feet above the floor. He stepped onto a beam which had just been put into place when it shifted, causing him to fall to the ground. He was taken by ambulance to Charity Hospital.
Jesse Sutton, the foreman with S & M who was working with Mr. Porche at the time of the accident, testified that Mr. Porche appeared ready to work on the morning of the accident, and did not show signs of drug use. Mr. Sutton, who witnessed the fall, stated that Mr. Porche was getting off of the scaffolding after making the connection of steel when he fell through a hole that was open in the decking to bring in the steel. Mr. Sutton did not know what caused Mr. Porche to fall, but was unaware of a beam that had shifted. Mr. Sutton explained that a connection of steel beams is made by bolting two pieces together. Mr. Porche fell just after the last connection was made.
The hearing officer also heard testimony from Mr. Kim King, the project superintendent on the job for S & M. He explained that the company was hired to repair termite damage to the wooden trusses in the Scottish Temple building in New Orleans. S & M was contracted to replace the old wooden trusses with new steel beams. Mr. King rode to work from Reserve, Louisiana with Mr. Porche almost everyday, including the day of the accident. Mr. King was aware that Mr. Porche was in a drug rehabilitation program from the pre-employment application. On the day of the accident, Mr. Porche did not use drugs on the way to work and he seemed clean and sober. Mr. King further testified that Mr. Porche was doing his job normally and did not demonstrate any impairment or problems walking or talking. Although Mr. King was on the job site, he did not actually witness the fall. Mr. King rode with Mr. Porche in the ambulance to the hospital. A drug test was conducted on Mr. Porche as required by S & M company policy. In response to his inquiry, Mr. King was told by a nurse that the test was conducted and produced negative results.
In addition to the live testimony heard by the hearing officer, the plaintiff offered the deposition of Dr. Francis Regan, Jr., of the toxicology laboratory at Charity Hospital, as well as the hospital records. This evidence shows that Mr. Porche was tested and showed a positive result for the presence of cocaine in his system immediately after the accident. Mr. Porche introduced the deposition of Dr. Jorge Martinez, the emergency room physician who treated Mr. Porche at Charity Hospital. Dr. Martinez testified that Mr. Porche had no physical manifestations of cocaine use. Although Dr. Martinez was surprised *431 to see the results of the toxicology test, he admitted that he had no reason to dispute them.
After the hearing, the matter was taken under advisement. Judgment was rendered in due course against Mr. Porche, finding that he was intoxicated as a result of his ingestion of cocaine, which was one of the causes of the work-related accident. Accordingly, the court discontinued the payment of worker's compensation indemnity and medical benefits after July 16, 1996. Defendant, Porche, appeals that ruling.
In brief to this court, Porche does not argue that the toxicology tests are incorrect. He argues that S & M did not meet its burden of proof as set forth in Louisiana Law to discontinue workers' compensation benefits. We disagree.
LSA-R.S. 23:1081 provides in pertinent part as follows;
(1) No compensation shall be allowed for an injury caused:
. . . . .
(b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours,
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
. . . . .
(3) For purposes of proving intoxication, the employer may avail himself of the following presumptions:
. . . . .
(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.
. . . . .
(7)(a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
. . . . .
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
. . . . .
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
Under the statutory scheme cited above, it is the employer's burden to prove an employee's intoxication, by a preponderance of the evidence. Evidence of use of a non-prescribed controlled substance at the time of the accident creates a presumption that the employee was intoxicated. Once the employer has proven that the employee was intoxicated, it is presumed that the intoxication caused the accident. In order to defeat the defense of intoxication, the employee must prove that the intoxication was not a contributing cause of the accident. Williams v. Louisiana Coca-Cola Company, 94-810 (La.App. 5 Cir. 3/1/95), 652 So.2d 108; writ denied, 95-0797 (La.5/12/95), 654 So.2d 349. Since the 1990 amendment to the law, an *432 employer no longer has the burden of proving the accident was caused by the employee's intoxication. Now, the employee must rebut the presumption by showing his intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer. Meliet v. Brown & Root Indus. Services, Inc., 94-789 (La.App. 5 Cir 3/1/95), 652 So.2d 105, 107; writ denied 95-0788 (La.5/5/95), 654 So.2d 328.
In reasons for judgment, it is clear the hearing officer found the employee's testimony to be incredible. It is also clear the hearing officer applied the correct law and assigned the correct burdens of proof.
The standard of review in worker's compensation matters is the manifest error/clearly erroneous standard. An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The same standard applies in workers' compensation cases. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); McKarry v. Shoney's, 97-144 (La.App. 5 Cir.7/29/97), 698 So.2d 446. The credibility of a witness's testimony is a factual determination which is subject to the strictest deference to the trier of fact's findings. Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305; Ball v. Wilco Marsh Buggies, Inc., 97-72 (La.App. 5 Cir. 5/28/97), 695 So.2d 1075.
Given the circumstances of this case and the evidence presented, we find no error in the hearing officer's decision. Mr. Porche did not dispute the finding that he had cocaine in his system at the time of the accident. He did present witnesses to show that he did not appear intoxicated at the time of the accident. However, the evidence presented was not sufficient to rebut the presumption that the claimant's intoxication was a contributing cause of the accident. See; Meliet v. Brown & Root Indus. Services, Inc., supra.
AFFIRMED.