915 So.2d 796 (2005)
THE SHAW GROUP
v.
Christian D. KULICK.
Christian D. KULICK
v.
THE SHAW GROUP.
No. 2004 CA 0697, 2004 CA 0698.
Court of Appeal of Louisiana, First Circuit.
April 8, 2005.
*798 Michael B. Forbes, Hammond, for Appellant Christian D. Kulick.
Brent M. Steier, John J. Rabalais, Janice B. Unland, Robert T. Lorio, Diana L. Tonagel, Covington, for Appellee The Shaw Group.
Before: PARRO, KUHN, and WELCH, JJ.
WELCH, J.
In this workers' compensation case, the employee, Christian Kulick, appeals from a judgment granting a motion for summary judgment filed by his employer, The Shaw Group ("Shaw"), that denied workers' compensation benefits to Christian Kulick based on the intoxication defense set forth in La. R.S. 23:1081. Finding that genuine issues of material fact preclude summary judgment, we reverse the judgment of the workers' compensation judge and remand this matter for further proceedings in accordance with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND
On May 30, 2003, Christian Kulick was removing bolts from a manway hole on a storage vessel when the 750 pound cover to the manway hole shifted and fell on him, fracturing both sides of his pelvis as it trapped him between the manway cover and the storage vessel.[1] It is undisputed that at the time of the accident, Christian Kulick was in the course and scope of his employment with Shaw. It is also undisputed that Shaw had in effect a written and promulgated substance abuse rule or policy providing for testing for drug use, and that the urine specimen obtained from Christian Kulick after the accident yielded positive results for THC (marijuana).
Shaw commenced proceedings to contest Christian Kulick's entitlement to workers' compensation benefits on the basis that he forfeited his right to workers' compensation benefits due to intoxication pursuant to La. R.S. 23:1081. Christian Kulick initiated separate proceedings to recover workers' compensation benefits, contending that he was not intoxicated at the time of the accident. He further contended *799 that regardless of the positive drug screen, the accident was unavoidable. The two proceedings were consolidated by agreement of the parties.
Shaw filed a motion for summary judgment based on the intoxication defense and the workers' compensation judge rendered judgment granting Shaw's motion. Christian Kulick appeals this judgment on the grounds that genuine issues of material fact exist regarding whether Christian Kulick's presumed intoxication at the time of the accident "was not a contributing cause of the accident."[2] We agree.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Craig v. Bantek West, Inc., XXXX-XXXX (La.App. 1st Cir.9/17/04), 885 So.2d 1241, 1244-45; Western Sizzlin Steakhouse v. McDuffie, XXXX-XXXX (La. App. 1st Cir.3/28/03), 844 So.2d 355, 357, writ denied, XXXX-XXXX (La.6/20/03), 847 So.2d 1236. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Robles v. ExxonMobile, XXXX-XXXX (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
When appropriate under Articles 966 and 967, summary judgment is available in workers' compensation cases. See La. C.C.P. art. 966(A)(2); La. R.S. 23:1317(A); Craig, 885 So.2d at 1244; Sept v. City of Baker, 98-1190 (La.App. 1st Cir.5/18/99), 733 So.2d 748, 751, abrogated on other grounds by Dufrene v. Video Co-Op, Louisiana Workers' Compensation Corp., XXXX-XXXX (La.4/9/03), 843 So.2d 1066. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230; Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, XXXX-XXXX (La.4/9/03), 842 So.2d 373, 377. An appellate court thus asks the same questions as does the trial court in determining *800 whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ernest v. Petroleum Service Corp., 2002-2482 (La.App. 1st Cir.11/19/03), 868 So.2d 96, 97, writ denied, XXXX-XXXX (La.2/20/04), 866 So.2d 830. The review of a summary judgment in a workers' compensation case is conducted in the same manner. Davis v. AMS Tube Corp., XXXX-XXXX (La.App. 1st Cir.6/22/01), 801 So.2d 466, 468, writ denied, 2001-2122 (La.11/2/01), 800 So.2d 877.
In Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751, the Louisiana Supreme Court set forth the following parameters for determining whether an issue is genuine or a fact is material:
In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. ...
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. [Citations omitted.] (Emphasis added.)
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038 (La.App. 1st Cir.9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637. Thus, we now turn to a discussion of the law applicable to this case.

INTOXICATION DEFENSE
In order for Christian Kulick to receive workers' compensation benefits, he must establish by a preponderance of the evidence, "personal injury by accident arising out of and in the course of his employment" with Shaw. La. R.S. 23:1031(A). This issue is undisputed. However, La. R.S. 23:1081(1)(b) provides that an employee may not recover workers' compensation benefits if his injury was caused by intoxication, unless the intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours. Louisiana Revised Statute 23:1081(5) provides that an employee is presumed to be intoxicated if there is evidence of use of a non-prescribed controlled dangerous substance. In such cases and in order to support a finding of intoxication, an employer need only prove the use of such drugs by the employee by a preponderance of the evidence. La. R.S. 23:1081(8). Appropriate drug tests performed as a result of a written and promulgated drug testing policy are admissible as evidence in such cases. La. R.S. 23:1081(8) and (9). Once the employer has satisfied its burden of proving intoxication at the time of the accident, a presumption of causation due to the intoxication arises. La. R.S. 23:1081(12); see also La. R.S. 23:1081(8). The burden then shifts to the employee to prove that "the intoxication was not a contributing cause of the accident ...." La. R.S. 23:1081(12).
According to this statute, there are two separate presumptions that apply in intoxication cases. First, evidence of on- or off-the-job use of a non-prescribed *801 controlled substance creates a presumption that the employee was intoxicated at the time of the accident. Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. At that point, the burden of proof shifts to the employee to prove by a preponderance of the evidence that the intoxication was not a contributing cause of the accident. If he does so, the intoxication defense of the employer is defeated. Johnson v. EnviroBlast, XXXX-XXXX (La.App. 1st Cir.12/28/01), 804 So.2d 924, 927.
On a motion for summary judgment, the workers' compensation judge is precluded from making evaluations of credibility of the witnesses.[3] The credibility of a witness is a question of fact, thus, a trial judge cannot make credibility determinations on a motion for summary judgment. Hutchinson v. Knights of Columbus, Council No. 5747, XXXX-XXXX (La.2/20/04), 866 So.2d 228, 234; Independent Fire Ins. Co., 755 So.2d at 236; and Boland v. West Feliciana Parish Police Jury, XXXX-XXXX (La.App. 1st Cir.6/25/04), 878 So.2d, 808, 814, writ denied, 2004-2286 (La.11/24/04), 888 So.2d 231. In deciding a motion for summary judgment, the court must assume that all of the witnesses are credible. Id.

ANALYSIS
In this case, Shaw presented the following evidence in support of its motion for summary judgment: the result from the drug test performed on Christian Kulick, which was positive for THC (marijuana); the acknowledgment form signed by Christian Kulick on May 12, 2003, regarding Shaw's written and promulgated substance abuse policy and his consent to be tested; and an affidavit executed by an EH & S (safety) manager for Shaw, regarding his post-accident investigation.
Even though Christian Kulick denies he ingested marijuana on the day of the accident, he admits that the burden of overcoming the presumption of intoxication and the causal relationship between intoxication and the accident is shifted to him. Since Christian Kulick will bear the burden of proof at trial to rebut the presumption that he was intoxicated and that his presumed intoxication was "not a contributing cause of the accident" in order to defeat his employer's intoxication defense pursuant to La. R.S. 23:1081(12), his burden of proof at the summary judgment stage is to produce factual evidence sufficient to establish that he will be able to satisfy his burden of proof at trial that he was not intoxicated at the time of the accident and/or that his presumed intoxication was "not a contributing cause of the accident." One way the employee may be able to satisfy his burden of proving that his presumed intoxication was "not a contributing cause of the accident" is to show that the accident was unavoidable.
In opposing Shaw's motion for summary judgment, Christian Kulick offered his deposition testimony, as well as that of his co-worker and son, Jason Kulick, who witnessed the accident. While Christian Kulick admitted that he may have smoked marijuana within the week prior to the accident, he denied smoking marijuana on the day of the accident and he testified that he was not under its intoxicating effects, or otherwise impaired, at the time of the accident. This uncontradicted testimony was corroborated by the deposition testimony of Jason *802 Kulick. Additionally, according to their deposition testimony, when the manway cover shifted and fell, Christian Kulick's back was facing the manway cover, and therefore, he did not know the cover was falling until it hit him.
Shaw's EH & S (safety) manager's affidavit states that if Christian Kulick had moved two inches to either the left or right, or sat down in the manway hole, the manway cover would not have struck him. However, we note that if Christian Kulick could not see the manway cover falling, then he would have had no reason to maneuver to avoid it. The workers' compensation judge stated in his oral reasons for judgment that Christian Kulick offered no expert testimony suggesting that drug use would not have affected his thinking or reaction time at the time of injury. While this may be true, Christian Kulick cannot be required to anticipate unexpected and unseen falling objects. Christian Kulick submitted evidence indicating that he did not cause the manway cover to shift and fall and that he had his back to the cover when it unexpectedly fell, and thus, he could not avoid the accident.
The workers' compensation judge noted in his oral reasons for judgment that both Christian Kulick and Jason Kulick testified by deposition that Christian Kulick was not suffering from the intoxicating effects at the time the injury occurred or immediately prior to the accident and that his "marijuana intake was far removed from the incident." However, the workers' compensation judge found this evidence was "self serving." The workers' compensation judge also stated in his oral reasons for judgment that Christian Kulick's testimony that he was alert and acting normally was insufficient to defeat the adverse presumption. These types of findings might appropriately defeat an employee's claim for benefits following a trial on the merits because of the deference given to the workers' compensation judge's credibility determinations.[4] However, at the summary judgment stage, the workers' compensation judge's finding that the "self-serving" deposition testimony was insufficient to create genuine issues of material fact regarding whether the presumed intoxication was "not a contributing cause of the accident" was an inappropriate credibility determination.
As part of our de novo review of this motion for summary judgment, we are required to accept the uncontradicted testimony that Christian Kulick did not smoke marijuana on the day of the accident; that he was alert and acting normally at the time of the accident; that he did not cause the manway cover to shift and fall; and that he had his back to the cover when it unexpectedly fell, as credible. Therefore, we find that Christian Kulick presented *803 sufficient factual support through his own uncontradicted testimony and that of his son/co-employee to establish that, if found to be credible, he will be able to satisfy his burden of proof at trial that he was not intoxicated at the time of the accident and/or that his presumed intoxication was "not a contributing cause of the accident."[5]
Accordingly, we reverse the judgment of the workers' compensation judge and we remand this matter for further proceedings in accordance with this opinion. All costs of this appeal are assessed against the appellee, The Shaw Group.
KUHN, J.,dissents with reasons.
REVERSED AND REMANDED.
KUHN, J.
I disagree with the majority's conclusion, reversing the grant of summary judgment in favor of the Shaw Group and the denial of claimant's workers' compensation benefits. Although I agree with the statements addressing the applicable presumptions under La. R.S. 23:1038 as well as the burden of proof under La. C.C.P. art. 966, on the showing made, the record does not contain sufficient evidence to demonstrate that Kulick discharged his burden.
Mindful that we review judgment de novo, based on my review of the deposition evidence offered by Kulick, I find that he failed to produce factual evidence sufficient to rebut the presumptions that: (1) he was intoxicated at the time of the accident; and (2) that the intoxication was a contributing cause of the accident. And since there is insufficient evidence to overcome the statutory presumptions, I wholeheartedly disagree with the majority's conclusion that Kulick pointed out material issues of fact, ostensibly pivoting around credibility determinations. Even if it were assumed that the deposition testimony submitted by Kulick is credible, he has simply failed to submit sufficient evidence to warrant a reversal of OWC's dismissal of his claims for compensation.

Presumption of Intoxication
Kulick admitted he had a positive drug test, showing the presence of marijuana. When asked if he had smoked marijuana the night before the accident, Kulick said, "I would say not." He testified, "It may *804 have been two or three days" before the accident that he smoked "less than half" of a marijuana cigarette. He candidly admitted that he had indulged in the past, smoking "two to three times a month." According to Kulick's deposition testimony,
[Examination by counsel for defendant/employer:]
Q. So you would occasionally indulge once or twice a month.
A. I would say, yes.
Q. And pretty much the same type of amount you have taken, just a couple puffs?
A. Yeah, notit doesn't take much.
Q. And what kind of effects do you feel when you smoke marijuana?
A. Relax.
* * *
Q. When you drove [after having smoked marijuana], did you find that your ability to drive was impaired at all where you weren't able to see what you should have seen or 
A. No.
Q. No slowness in reaction time?
A. No.
Q. Have you ever [undertaken] any kind of study of marijuana?
A. No.
Kulick was never askedand did not otherwise testifywhether he was intoxicated at the time of the accident.
The testimony of Jason, Kulick's son and co-employee who was present at the time of the accident, also fails to provide a factual basis to rebut the presumption that his father was intoxicated at the time of the accident. Jason's deposition sets forth the following colloquy,
[Examination by counsel for defendant/employer:]
Q. ... And was your dad smoking marijuana that day when you-all got to the job?
A. No. He sure wasn't.
Q. In fact, did he seem at all impaired to you?
A. My dad never seems impaired on the job at all. I mean, what he does off of the jobbut when he comes to work, he's pretty serious about work andI mean, usually he's in supervision, so it's his responsibility to look out for every-body's safety.
There is no other evidence in the record addressing Kulick's intoxication and, in particular, no testimony that Kulick was "alert," as stated by the majority. Jason's testimony that he did not witness his father smoking marijuana when he and his father arrived at the job site does not demonstrate that Kulick was not intoxicated. Besides failing to establish whether he and his father were in each other's constant presence before their arrival to the job site, the record is devoid of any evidence of the type of and duration of the effects of marijuana on Kulick specifically, or on an individual generally. Thus, even assuming as a proven fact that Kulick did not smoke at the time he arrived at the job site, the record nevertheless fails to show that he was not intoxicated when the accident occurred. As such, it is simply insufficient to overcome the presumption of intoxication.

Presumption the Intoxication was a Contributing Cause
Without citation or legal authority, the majority holds that one way Kulick can rebut the presumption that his intoxication was a contributing cause of the accident is to show that the accident was unavoidable. Initially, I question the legal basis for the majority's application of the doctrine of an unavoidable or inevitable accident in a *805 workers' compensation case. And I strongly disagree with the conclusion that evidence suggesting that an accident was "unavoidable" permits a workers' compensation claimant to meet his burden of rebutting the statutory presumptions of intoxication and that the intoxication was a contributing cause of the accident. But even as applied by the majority, in this case there simply is insufficient evidence to support a finding that the accident was inevitable. On the showing made, Kulick has failed to rebut the presumption that his intoxication was a contributing cause of the accident.
In a negligence suit, the doctrine of unavoidable or inevitable accident relieves a person of liability, so long as the person invoking the doctrine shows that he was in no way to blame for the happening. Seals v. Morris, 410 So.2d 715 (La.1981).
The deposition testimony establishes that Kulick was acutely aware of the potential danger prior to the accident. In response to questions from counsel for defendant/employer, Kulick testified:
Q. Was the [manway cover] strapped down to the handrail or anything?
A. At one time, it was tied with a piece of rope....
Q. And that was when you were taking out additional bolts?
A. At that time? No, it was not tied at that time.
Q. So when you got on the shift that day, it was not tied down?
A. It was tied at that time.
Q. And who untied it?
A. I believe Jason. I'm not 100-percent certain.
* * *
Q. As far as you knew, the [manway cover] was fairly secure against the handrail?
A. I would imagine. Honestly ... it should have never been done. It should have been thrown off the deck and put on the ground.
Jason, on the other hand, stated that "[the manway cover] wasn't tied off when we went up there to install it." He acknowledged that when he initially arrived at the work site, he checked the manway cover to make sure it was stable or secure, testifying, "It wasyou know, I had my hand on it. It didn't move or anything." Jason said, "If [Kulick] stepped right there, I mean, its possible with the weight of that, that maybe it could have gave it (sic) some slack." And that "[i]t doesn't shake that much, but it does have a little clang in it."
Thus, the collective deposition testimony of father and son suggest that the accident was avoidable if the manway cover had been properly secured against the handrail or placed on the ground. And there is nothing establishing that Kulick, as the supervisor, brought these safety concerns to the attention of his employer before undertaking the job of removing the bolts from the manway hole.
The majority reasons that Kulick submitted evidence that indicated he did not cause the manway cover to shift and fall and that he had his back to the cover when it unexpectedly fell, and thus, that he could not avoid the accident. The conclusionary observation that the manway cover was to Kulick's back is apparently made to support the determination that the accident was unavoidable.
Kulick was never askedand did not testifythat the manway cover was to his back, a conclusion repeatedly stated by the majority. According to his deposition testimony,
[Examination by counsel for defendant/employer:]

*806 Q. So you were walking towards Jason.
A. Yes.
Q. What happens?
A. The next thing I knew, I was pinned.
Q. You didn't see [the manway cover] fall?
A. No. I was facing Jason. The [manway cover] was to the left of me. (Emphasis added.)
Recounting the accident, Kulick did not place the manway cover to his back as described by the majority. His recollection placed him across from his son, with the manway cover to his left.
Jason's testimony likewise fails to establish that the manway cover was located behind Kulick when it fell on him. Jason apparently drew a diagram explaining where the manway cover was located relative to his and his father's positioning. But that diagram is not contained in the record. Referring to his drawing, Jason testified,
[the manway cover] was leaning against the handrail. And thisthe ladder cage was on this side. [Kulick] was working on thewhen you come up on this side of the [manway cover], on the bolts right here, and I was on the other side over here of the [manway cover] pulling bolts out on this side. ... [Kulick] was on this side pulling out bolts.
When coupled with his father's testimony, the record establishes that Jason and Kulick were each on different sides of the manway cover, i.e., that the handrail upon which the manway cover leaned was located to Kulick's left and to Jason's right, rather than behind Kulick's back as the majority repeatedly states, an observation presumably inferred from Jason's testimony although clearly without reference to Kulick's placement of the manway cover.
Believing as true Kulick's version of events, the manway cover was located to his left when it fell on him. This alone negates any possible application of the "doctrine of unavoidable accident," which relies heavily on the erroneous proposition by the majority that the manway cover was located to Kulick's back to support a finding that "he did not know the manway cover was falling until it hit him." Since the deposition testimony offered by Kulick fails to establish that the accident was, as suggested by the majority, "unavoidable," he has failed to offer sufficient evidence to demonstrate that he can rebut the presumption that his intoxication was a contributing cause to the accident.
The majority concludes that there was "uncontroverted, corroborated" testimony that Kulick was not intoxicated at the time of the accident and that the incident was unavoidable. The employer need not refute testimony that has not been factually established, particularly in this case where there exist in favor of the employer the legal presumptions of intoxication and that the intoxication was a contributing cause of the accident.
The majority holds that at trial, if he is "found to be credible, Kulick will be able to satisfy his burden of rebutting the statutory presumptions." Since the judgment under review is on a motion for summary judgment, it is procedurally inappropriate for the majority to foresee what might happen at the trial. This statement by the majority abandons burden of proof questions, sufficiency of the evidence concerns, and evidentiary rulesitems properly considered at, for trial, not on a motion for summary judgment.
Even if all the testimony offered by Kulick on the motion for summary judgment is assumed to be credible, the record is simply devoid of sufficient evidence to demonstrate that he was not intoxicated *807 and that his assumed intoxication was not a contributing cause of this accident. And since Kulick has failed to offer sufficient evidence to overcome the statutory presumptions, I find that Kulick's claims were properly dismissed. Accordingly, I dissent.
KUHN, J., dissents with reasons by WELCH.
REVERSED AND REMANDED.
NOTES
[1] Another employee had previously removed the manway hole cover for the purpose of cleaning the inside of the storage vessel. Christian Kulick was supposed to remove the old bolts from the manway hole and re-install the manway cover with new bolts.
[2] La. R.S. 23:1081(12): "[O]nce the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer."
[3] However, we note that following a trial on the merits, credibility determinations by a workers' compensation judge are subject to the strictest deference on appeal and are subject to the manifest error standard of review. Johnson, 804 So.2d at 927.
[4] The following cases were decided after trial on the merits and held that the employee failed to satisfy his burden of proving his presumed intoxication was not a contributing cause of the accident based, in part, on credibility determinations: Johnson, 804 So.2d at 928 ("considering the obvious credibility determinations made herein"); Johnson v. Abraham Payton Roofing and Co., 99-1967 (La. App. 4th Cir.4/5/00), 761 So.2d 30, 33 ("as the claimant, Mr. Johnson is an interested witness"); Porche v. S & M Construction, 97-923 (La.App. 5th Cir.4/15/98), 711 So.2d 429, 432 ("it is clear the hearing officer found the employee's testimony to be incredible"); and Barker v. Allen Canning Co., 95-252 (La.App. 3rd Cir.10/4/95), 663 So.2d 320, 322, writ denied, 95-2688 (La.1/12/96), 666 So.2d 323 (employee's "testimony is discounted because the hearing officer found that he lacked credibility"). See also Zeringue v. Wireways, Inc., 97-0856 (La.App. 1st Cir.4/8/98), 714 So.2d 13, 16, writ denied, 98-1257 (La.6/19/98), 721 So.2d 475 (record is devoid of evidence, including testimony of the employee, that the employee's intoxication did not contribute to the accident).
[5] The following cases are persuasive to our determination, because the courts found the witnesses to be credible. In each one, the employee tested positive for drugs following work-related accidents, but was found to have satisfied the burden of proving that the presumed intoxication was not a contributing cause of the accidents: Boise Cascade Corp. v. Dean, 99-1356 (La.App. 3rd Cir.5/3/00), 767 So.2d 76, 80, writ denied, 2000-2505 (La.11/13/00), 774 So.2d 146 (employee satisfied his burden where numerous co-workers spoke or interacted with the employee on the day of the accident and not one of them found anything unusual about his behavior or thought he might be intoxicated and where the expert testimony established the length of time of real impairment from smoking marijuana as somewhere between five and six hours); Sweeden v. Hunting Tubular Threading, Inc., 2001-724 (La.App. 5th Cir.12/12/01), 806 So.2d 728, 730 (employee satisfied his burden with his own testimony that he smoked marijuana two days before the accident, but not on the day of the accident, and by co-employee testimony that he did not appear to be impaired or under the influence at the time); Forrester v. New Orleans Iron Works, XXXX-XXXX (La.App. 5th Cir.2/23/04), 869 So.2d 216, 218 (employee satisfied his burden with his own testimony and with his supervisor's testimony that he did not act intoxicated at the time of the accident); and Kennedy v. Camellia Garden Manor, XXXX-XXXX (La.App. 3rd Cir.2/5/03), 838 So.2d 99, 103-04 (employee satisfied his burden with his own testimony that he was not under the influence of marijuana on the day of the accident, by the fact that he had not been sent home that day by his employer for appearing intoxicated, and because the accident was not the sort of accident which was caused by intoxication).