943 So.2d 1215 (2006)
Kurt ROBINZINE
v.
LABOR FINDERS.
No. 06-CA-389.
Court of Appeal of Louisiana, Fifth Circuit.
October 17, 2006.
*1216 Jonathan P. Friedman, Silbert & Garon, L.L.P., New Orleans, Louisiana, for Plaintiff/Appellant.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, Rabalais, Unland & Lorio, Covington, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
This appeal stems from the granting of the defendant-employer's Motion for Summary Judgment. For the following reasons, we affirm the judgment of the trial court as amended and remand this matter for further proceedings.
FACTS:
On November 6, 2003, the plaintiff-employee, Kurt Robinzine, was working as a laborer for the defendant-employer, Labor Finders, Inc., when he fell from a roof during the course and scope of his employment. Plaintiff was taken to the hospital where he remained for nearly one month, and then he was transferred to a long term care facility. As per Labor Finders, Inc.'s policy, a drug test was performed upon his admission to the hospital. The results of this test indicated the presence of benzoylecgonine (be), a cocaine metabolite. Plaintiff admitted to using crack cocaine the evening before the accident.
Plaintiff filed a claim for workers' compensation. The defendant answered the claim alleging that plaintiff was intoxicated at the time of the accident, which precluded him from receiving compensation benefits. The trial court granted the defendant's Motion for Summary Judgment based on the intoxication defense. This timely appeal followed.
LAW AND DISCUSSION:
A Motion for Summary Judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Craig v. Bantek West, Inc., XXXX-XXXX (La.App. 1st Cir.9/17/04), 885 So.2d 1241. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The burden of proof is on the mover to show that he is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(2) If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the Motion for Summary *1217 Judgment, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. Id.
When appropriate, under Articles 966 and 967, summary judgment is available in workers' compensation cases. Craig, 885 So.2d at 1244. On appeal, appellate courts conduct a de novo review of evidence submitted in support of and in opposition to summary judgment using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
In order for plaintiff to receive workers' compensation benefits, he must establish by a preponderance of the evidence, "personal injury by accident arising out of and in the course of his employment". La. R.S. 23:1031(A). In this case, it is undisputed that plaintiff was injured by an accident during the course of his employment. However, La. R.S. 23:1081(1)(b) provides that an employee may not recover workers' compensation benefits if his injury was caused by intoxication, unless the intoxication resulted from activities that were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours. Louisiana Revised Statute 23:1081(5) provides that an employee is presumed to be intoxicated if there is evidence of use of a non-prescribed controlled dangerous substance. In such cases and in order to support a finding of intoxication, an employer need only prove the use of such drugs by the employee by a preponderance of the evidence. La. R.S. 23:1081(8). Appropriate drug tests performed as a result of a written and promulgated drug testing policy are admissible as evidence in such cases. La. R.S. 23:1081(8) and (9). Once the employer has satisfied its burden of proving intoxication at the time of the accident, a presumption of causation due to the intoxication arises. La. R.S. 23:1081(12). The burden then shifts to the employee to prove that "the intoxication was not a contributing cause of the accident. . . ." La. R.S. 23:1081(12).
Thus, there are two separate presumptions that apply in intoxication cases. First, evidence of use of a non-prescribed controlled substance creates a presumption that the employee was intoxicated at the time of the accident. The Shaw Group v. Kulick, XXXX-XXXX (La.App. 1 Cir. 4/8/05), 915 So.2d 796. Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. Id. At that point, the burden of proof shifts to the employee to prove by a preponderance of the evidence that the intoxication was not a contributing cause of the accident. Id. If he does so, the intoxication defense of the employer is defeated. Johnson v. EnviroBlast, XXXX-XXXX (La. App. 1st Cir.12/28/01), 804 So.2d 924, 927.
In support of its Motion for Summary Judgment, defendant submitted the drug test report showing the positive result for a cocaine metabolite, the joint stipulation in which the parties stipulated to the accuracy of the test, and portions of plaintiff's deposition. In his deposition, plaintiff admitted to using cocaine for years, including smoking crack cocaine the night before the accident. Plaintiff testified that he was working alone on the sloped roof of a *1218 building when he slipped on moisture and fell to the ground. Plaintiff testified that he was unable to recall how he got to work the morning of the accident, the time he arrived at defendant's office, or the time he arrived at the accident scene. Defendant filed a supplemental memorandum to its motion attaching an affidavit from a toxicologist, Patricia Pizzo. Ms. Pizzo attested that she had reviewed plaintiff's drug test results, as well as his deposition. As a result of plaintiff's longstanding cocaine use, Ms. Pizzo opined that plaintiff was addicted to cocaine. She explained that crack cocaine has been documented to provide impairment effects for several days after its use and the user may experience various withdrawal symptoms including "visual hallucinations, impaired hand-eye coordination, impaired depth perception, impaired short term memory, balance and coordination problems and poor judgment in performing tasks." She further opined that since the plaintiff was likely addicted to cocaine, the withdrawal effects would be intensified.
In his memorandum in opposition to the motion, plaintiff stated he will "testify at trial that when he woke up the next morning he felt neither tired, nor intoxicated in any way as a result of the use of crack cocaine, and further that his use of cocaine was not a contributing cause of the accident." Plaintiff argues that in deciding the Motion for Summary Judgment, the trial court should accept as true a witness's uncontradicted testimony although the witness is a party. He seems to argue that the trial court must accept as true his testimony that he slipped on moisture on the roof and this was the cause of the accident. However, although the memorandum stated that plaintiff will testify that he did not feel intoxicated and the use of cocaine the night before did not contribute to the accident, there was no sworn testimony to this effect.
Plaintiff also attached portions of the deposition of Ms. Pizzo, arguing that Ms. Pizzo testified that the presence of a cocaine metabolite in a person's urine is not a measure of a person's intoxication. She further testified that she does not allege that plaintiff was intoxicated at the time of the accident only that the use of cocaine the night before could adversely affect his job performance. While we acknowledge this testimony, we find this insufficient to rebut the presumption that the accident was caused by plaintiff's intoxication. According to LSA-R.S. 23:1081(8) the positive drug test was sufficient to prove intoxication. LSA-R.S. 23:1081(12) provides a presumption that the accident was caused by the intoxication. In the case at bar, intoxication is proved by the positive drug test and the cause of the accident is presumed to be intoxication. The evidence submitted by plaintiff, which consisted solely of portions of plaintiff's deposition, the drug test report, the joint stipulation (stipulating to the results of the drug test), and portions of Ms. Pizzo's deposition, failed to show that he will be able to satisfy his burden of proof at trial that his presumed intoxication was not a contributing cause of the accident.
In Forrester v. New Orleans Iron Works, 03-1194 (La.App. 5 Cir. 2/23/04), 869 So.2d 216, this Court found the plaintiff successfully rebutted the presumption that intoxication caused the accident. In Forrester, the plaintiff testified that he had used marijuana two days prior to the accident and his co-worker testified that he had worked with plaintiff for several hours prior to the accident and he had no reason to believe that plaintiff was impaired. Additionally, this Court found that the type of accident plaintiff was involved in was not explained solely by intoxication. In Forrester, the plaintiff was injured when he stepped off of a roof at night. The testimony *1219 indicated that plaintiff's employer was trying to finish the job so they were working into the night and only portions of the roof were illuminated. This Court specifically found that the accident took place in an area of the roof that was not fully illuminated.
In The Shaw Group, supra, the court reversed the trial court's grant of summary judgment in favor of defendant finding that plaintiff would be able to satisfy his burden of proof at trial. In that case, the employee was injured when a manway cover struck him. The court found that the employee had rebutted the presumption based on the employee's uncontradicted testimony and that of his son/co-employee that the employee had not smoked marijuana on the day of the accident, that the employee was alert and acting normally at the time of the accident, that he did not cause the manway cover to shift and fall, and the employee had his back to the cover when it unexpectedly fell.
In contrast to the above cited cased, in the case at bar the plaintiff attempted to rebut the presumption that his presumed intoxication was a contributing cause of the accident using testimony of the defendant's expert toxicologist that she was unable to state that plaintiff was intoxicated at the time of the accident. This is insufficient to rebut the presumption, because plaintiff's presumed intoxication was proved by the drug test. See: Porche v. S & M Const., 97-923 (La.App. 5 Cir. 4/15/98), 711 So.2d 429. In order to defeat defendant's Motion for Summary Judgment and show that he has evidence sufficient to rebut the presumption that the presumed intoxication is a contributing cause of the accident, plaintiff must come forward with sworn testimony, either his own or that of an independent witness, setting forth specific facts based on personal knowledge that the presumed intoxication was not a contributing cause of the accident. It is insufficient for plaintiff to argue that he will testify at trial that the use of cocaine was not a contributing cause of the accident. Accordingly, the judgment of the trial court granting defendant's Motion for Summary Judgment on plaintiff's workers' compensation claim is affirmed.
Under LSA-R.S. 23:1081(13), even if the employee cannot overcome the presumption that his presumed intoxication was the cause of the accident, the employer shall be responsible for the reasonable medical care provided the worker until such time as he is stabilized and ready for discharge from the acute care facility. Accordingly, the judgment of the trial court is amended to delete the portion of the trial court judgment stating plaintiff's claims are "dismissed in their entirety". This matter is remanded to the trial court for disposition of plaintiff's claim regarding medical care following the accident.
For the foregoing reasons, the judgment of the trial court is affirmed as amended. This matter is remanded to the trial court for proceedings consistent with this opinion.
AFFIRMED AS AMENDED; REMANDED.