. HIGGINBOTHAM, J.
12This case involves a suit to recover death benefits under the Louisiana Workers’ Compensation Law. The workers’ compensation judge granted summary judgment in favor, of the employer and dismissed the employee’s children's claims based on the intoxication defense set forth in La. R.S. 23:1081.
BACKGROUND
Joseph Leon Boudreaux worked as a warehouseman in thé Georgia Pacific plant in Port Hudson, Louisiana. During the night shift on August 30-31, 2013, Bou-dreaux was working alone as he operated a lift truck and loaded materials onto trailers. Sometime after midnight, Boudreaux was involved in an unwitnessed accident that ultimately resulted in his death. . An autopsy revealed that the cause of death was blunt force injuries to Boudreaux’s thorax (or chest region) and head. An investigation conducted by the East Baton Rouge Parish Coroner’s Office concluded that Boudreaux’s fatal injuries were possibly caused by pinch points that were created near the rear of the trailer that Bou-dreaux was loading. The Coroner’s Office investigator surmised that Boudreaux’s injuries began with lacerations to his head, followed by a crushing-type injury to his left chest and ribs.
Georgia; Pacific’s work logs indicate that Boudreaux logged into the system at 6:06 p.m. on August 30, 2013, and he worked steadily until his last entry shortly after midnight on August 31, -2013. The last entry reflected that Boudreaux unlocked a load at 12:30 a.ra. Subsequently, at an unknown time after the last entry, Bou-dreaux’s accident happened. He was found unresponsive near his lift truck and was transported to. Lane Emergency Room, where he was pronounced dead at 4:09 a.m: on August 31, 2013. Lab work conducted .soon after Boudreaux’s death yielded positive results for THC (marijuana), showing THC levels of 1.3 ng/mL in Boudreaux’s blood and 68 ng/mL in his urine.
|aOn October 29, 2013, Boudreaux’s surviving children, Leon and Hannah Bou-dreaux, -filed a disputed claim for compensation with the Office of Workers’ Compensation, seeking death benefits from Georgia Pacific. Leon and Hannah alleged they were entitled to the benefits, because Boudreaux was in the course and scope of his employment with Georgia Pacific.when he was killed in .an accident. Shortly after answering the disputed *165 claim, Georgia Pacific filed a motion for summary judgment based on the intoxication defense, pursuant to La. R>S. 23:1081. Georgia Pacific contended that Boudreaux’s death benefits were forfeited due to the positive drug test, which triggered the statutory presumptions that Boudreaux was intoxicated and.that his intoxication caused the unwitnessed accident.
In support of its motion, Georgia Pacific submitted the lab test results showing the positive finding of marijuana in Bou-dreaux’s blood and urine samples. Georgia Pacific also submitted a summary of its drug policy that allowed post-accident testing. Additionally, Georgia Pacific submitted the deposition testimony of various coworkers demonstrating that no one actually witnessed the accident or observed Bou-dreaux at or near the time of the accident.
Leon and Hannah opposed Georgia Pacific’s motion, relying on Boudreaux’s coworkers’ deposition testimonies that'Bou-dreaux did not appear to be impaired on the night of the accident. Leon and Hannah maintained that genuine issues of material fact remain as to whether the low level of marijuana in Boudreaux’s body could have had an intoxicating effect that contributed to the accident. Attached to Leon and Hannah’s memorandum in opposition, were several articles referencing various studies of the intoxicating effects and impairment levels for marijuana. Leon and Hannah also submitted a report, not in the form of an affidavit, from their expert; witness, Dr. Robert K. Lantz, a forensic toxicologist. Dr. Lantz opined that Boudreaux’s lab test results suggested minimal marijuana use, that the marijuana use had. occurred several days before Boudreaux’s death, and that Boudreaux was |4not intoxicated by marijuana at the time of his- death. - Georgia Pacific opposed the introduction of Dr. Lantz’s report, as well as the studies referenced in the report and Leon and Hannah’s memorandum in opposition,
The motion for summary judgment proceeded to hearing on September 26, 2014, at which time the parties argued their respective positions. At the hearing, counsel for Leon and Hannah provided an affidavit from Dr. Lantz, verifying his report along with "an attached curriculum vitae. Counsel for Georgia Pacific objected to the late-filed affidavit. After a hearing where the Worker’s Compensation Judge (WCJ) excluded Dr. Lantz’s affidavit as untimely, as well as' the uncertified -report with referenced studies, the WCJ granted Georgia Pacific’s motion for summary judgment and, dismissed Leon and Hannah’s claim. The WCJ subsequently denied Leon and Hannah’s motions for new trial and proffer of evidence. Leon and Hannah appeal, challenging whether the WCJ correctly: (1) excluded their éxpert’s report and exhibits; (2) found that the presumption of intoxication was not overcomé and granted summary judgment in favor of Georgia Pacific; (3) denied the motion 'for new trial;[1] and (4) denied the proffer of evidence.
STANDARD OF REVIEW
When reviewing summary judgments, appellate courts conduct a de novo review of the evidence, using the same criteria that govern the trial court’s deter *166 mination of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555 (La.App. 1st Cir.8/11/08), 993 So.2d 725, 729-30. The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted | Kfor purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2).
On a motion for summary judgment, the initial burden of proof is on the moving party. . However, on issues for which the moving party will not bear the burden, of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Then the non-moving party must produce factual support sufficient to satisfy its evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2).
In All Crane Rental of Georgia,. Inc. v. Vincent, 2010-0116 (La.App. 1st Cir.9/10/10), 47 So.3d 1024, 1027, unit denied, 2010-2227. (La.11/19/10), 49 So.3d 387, this court recognized:
In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A trial court cannot make credibility decisions on a motion for summary judgment. In deciding a motion for summary judg-ement, the trial court must assume that all of the witnesses are credible. Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved- in the opponent’s favor, [Citations omitted and emphasis added.]
Summary judgment is available in workers’ compensation cases. See La. Code Civ. P. art. 966(A)(2); La. R.S. 23:1317(A); The Shaw Group v. Kulick, 2004-0697 (La.App. 1st Cir.4/8/05), 915 So.2d 796, 799, writ denied, 2005-1205 (La.11/28/05), 916 So.2d 148. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Id., 915 So.2d at 800. |fiThe substantive law applicable to this case involves the intoxication defense found in the Louisiana Workers’ Compensation Law at La. R.S. 23:1081;
DISCUSSION
Louisiana Revised Statute 23:1081 establishes employers’ defenses to workers’ compensation claims, including intoxication.[2] The statute prohibits workers’ *167 compensation benefits for injuries caused by an injured employee’s intoxication at the time of the injury. La. R.S. 23:1081(l)(b). The employer has the burden of proving the intoxication.- 'La. R.S. 23:1081(2). In order, to support a finding of intoxication due to drug use, the employer must prove the employee’s use |7of a controlled dangerous substance, such as marijuana, by a preponderance of the evidence. La. R.S. 23:1081(8). Appropriate drug tests performed as a result of a written and promulgated drug testing policy are admissible as evidence. La. R.S. 23:1081(8). If there is, at the time of the accident, .evidence of either on or off the job use of marijuana, then it shall be presumed that the employee was intoxicated at the time of the accidént. La. R.S. 23:1081(5). Once the employer has met the burden of proving that the employee was intoxicated at the time of the accident, it is also presumed that the employee’s injury was caused by his intoxication. The-burden then shifts to the employee to show by a preponderance of 'the evidence that his intoxication was not a contributing cause of the accident. La. R.S. 23:1081(12). If he does so, then the intoxication defense of the employer is defeated. Shaw Group, 915 So.2d at. 800-01.
:|: * *
(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined.in 21 U.S.C. 812, Schedules I, II, III, , IV, and V, it shall be presumed that the employee was intoxicated.
⅜ ⅜ ⅝'
(7) (a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident. • >.
* * *
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a prepon- , derance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible 'evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
In support of its motion , for summary judgment, Georgia-Pacific presented evidence of the drug test performed on Boudreaux shortly after his death, which was positive for marijuana and was done pursuant to a- written, and promulgated drug testing policy. - Thus, Georgia Pacific met -its burden of proving that Boudreaux was intoxicated at the time of his accident, arid it is statutorily presumed that Bou-dreaux’s work accident was caused by his intoxication.' At that- point, the burden of proof shifted to Leon and Hannah to produce factual evidence sufficient to establish that they will be able to prove that Bou-dreaux was not intoxicated at the time of his fatal accident and/or that his presumed intoxication was not a contributing cause of the fatal accident.
We first review the evidence that was actually accepted and contemplated by the WCJ at the summary judgment hearing, without consideration of the excluded *168 expert’s affidavit and report. The -.WGJ admitted the .following evidence: Georgia Pacific’s work logs, affidavits, and deposition testimonies of various co-workers and the supervisor of Boudreaux, the autopsy/coroner’s investigation, and Boudreaux’s Isdrug test, results. The work logs and deposition testimonies reflect that Bou-dreaux worked alone and consistently throughout the night up until the time of the accident.- There is absolutely no evidence that Boudreaux left his position at any point in time during the shift, other than to go to the break- room. The affidavits and deposition testimonies of Bou-dreaux’s various co-workers indicate that Boudreaux was alert and did not appear, to be impaired in any way on the night of the accident, and that Boudreaux had neyer reported to work under the influence of drugs. The co-workers consistently and unanimously indicated that during their brief encounters with Boudreaux on the night of the accident, there was nothing unusual about Boudreaux’s behavior, that he appeared normal, had clear eyes, no smell of marijuana, no slurred speech, no swerving as he drove the lift truck, and no stumbling around as he walked. Several of the co-workers who performed similar jobs, as well as Boudreaux’s supervisor, further indicated that Boudreaux’s loading work was difficult in .that it required concentration and alertness to surroundings. Testimony from ■ co-workers also established that this type of “freak accident” could have happened to anyone who drove the lift trucks, impaired "or not, due to the “pinch points” created by the difference in the levels of the loading dock and trailers.
*167 * # *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing causé of the accident in order to defeat the intoxication defense of the employer.
[[Image here]]
[Emphasis added..] , :
*168 Georgia Pacific argues that Leon and Hannah did not submit any evidence to show a genuine issue of fact as to whether Boudreaux’s presumed intoxication was a contributing factor in his fatal accident. We disagree. The co-workers’ deposition testimonies that Boudreaux was alert, did not appear to be impaired, and was acting normally as he .performed his job on the night of the accident created a genuine issue of material fact regarding whether the presumed intoxication contributed to the- accident. Whether the co-workers’ statements are to be believed requires a credibility determination, which is inappropriate for summary judgment. See Shaw Group, 915 So.2d at 802.
IflAs part of our de novo review of this motion for summary judgment, we are required to accept the uncontradicted testimonies of Boudreaux’s co-workers that Boudreaux acted normally and did not ap-peár to be impaired on the night of the accident, and that this type of accident could have happened to anyone, whether they were impaired or not, because of the pinch points created between the loading docks and trailers. If these witnesses are found to be credible at a trial on the merits, Leon and Hannah will be able to satisfy their burden of proof that Bou-dreaux was not intoxicated at the time of the accident and/or that his presumed intoxication was “not a contributing cause of the accident.” See Shaw Group, 915 So.2d at 802-03, n. 5. Considering the evidence submitted herein, we find that Georgia Pacific has failed to establish its entitlement to summary judgment in its favor as a matter of law. Given the record before us, to find in Georgia Pacific’s favor would requirb this court to weigh the' evidence and make credibility calls, which is clearly inappropriate for summary judgment.
CONCLUSION
Accordingly, we reverse the summary judgment rendered by the WCJ, and we remand this matter for further proceedings in accordance with this opinion. In light of our decision to reverse and remand on the improper grant of summary judgment, we pretermit any discussion of the *169 remaining assignments of error. All costs of this appeal are assessed against Georgia Pacific.
REVERSED AND REMANDED.
PETTIGREW, J., concurs.
CRAIN, J., concurs in the result and assigned reasons.

. We note that the denial of a motion for a new trial is not an appealable judgment absent a showing of irreparable harm. However, when a party has appealed from a final judgment, as is the summary judgment in this case, it is permissible to -raise, and the court to consider in connection with the appeal, complaints relating to the denial of a motion .for new trial. Peters v. Hortman, 2003-2597 (La.App. 1st Cir.10/29/04), 897 So.2d 131, 133 n. 1, writ denied, 2004-2923 (La.2/4/05), 893 So.2d 885.

. Louisiana Revised Statutes R.S. 23:1081 provides, in pertinent part, as follows:'
(1) No compensation shall be allowed for an injury caused:
[[Image here]]
(b) by the injured employee's intoxication at the. time of the injury, unless the employee’s intoxication, resulted from ■ activities which were in pursuit of the employer’s interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours.... .
[[Image here]]
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or *167 reason set forth in this Subsection, the burden of proof shall be upon the employer.